

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-10-014-CR**

ANGEL RENEE NORRIS                                                 APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On January 6, 2010, Appellant Angel Renee Norris was convicted of assault causing bodily injury to a public servant in retaliation for an official duty and was sentenced to fifty-four months' confinement. Norris timely filed a notice of appeal on January 6, 2010, but thereafter, on February 5, 2010, filed a motion for new trial. On March 17, 2010, the trial court granted the motion for new trial as to punishment. Given the trial court's March 17, 2010 order, it appeared to this court that there was

---

[1] *See* Tex. R. App. P. 47.4.

no final judgment from which Norris could appeal. We therefore sent a letter requesting that Norris respond and state why her appeal should not be dismissed because her notice of appeal was prematurely filed. Norris filed a response in which she agrees that her notice of appeal was prematurely filed and that her appeal should be dismissed without prejudice.

When the trial court grants a motion for new trial as to punishment only, the case is restored to the position that it was in after the defendant was found guilty. Tex. R. App. P. 21.9(c). By virtue of the March 17, 2010 order, Norris has been returned to the position in which she stood immediately following the finding of guilty, and the trial on punishment will proceed as if the original punishment hearing had never occurred. *See id.* Accordingly, we hold that there is no final, appealable judgment, and we order the appeal dismissed without prejudice. *See Workman v. State*, 170 Tex. Crim. 621, 622, 343 S.W.2d 446, 447 (1961).

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 6, 2010

2